UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U. S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
BY 5-30-06
DEPUTY CLERK

| | |
|---|---|
| HELEN WILKINSON<br>Plaintiff | )<br>)<br>) Civil Docket No.<br>)<br>v. ) 2:06-cv-109<br>)<br>G.S. PRECISION, INC. )<br>Defendant ) |

### VERIFIED COMPLAINT

NOW COMES the Plaintiff, Helen Wilkinson, by and through her attorneys, McCarty, Buehler & Bixby, P.C. and hereby COMPLAINS and ALLEGES of the Defendant, G.S. Precision, Inc., as follows:

1. At all times relevant hereto, Plaintiff, Helen Wilkinson is a resident of the Town of Putney, County of Windham and State of Vermont.

2. Defendant, G.S. Precision, Inc. (hereinafter "G.S. Precision", is believed to be a business incorporated under the laws of the State of Vermont, with its' principal place of business being in the Town of Brattleboro, County of Windham, State of Vermont.

### FACTS

3. Plaintiff, Helen Wilkinson was hired by G.S. Precision in 1998.

4. On or about **January 7, 2003**, while in the course of her employment Plaintiff, Helen Wilkinson was injured her left shoulder.

5. As a result of the left shoulder injury Plaintiff, Helen Wilkinson had limited use of, and pain in her left shoulder, arm and hand.

6. In August of 2004 Plaintiff's physician placed Plaintiff on permanent light duty.

7. As a result of being placed on permanent light duty Plaintiff was unable to operate certain machines due to her workers' compensation injury.

8. On or about January 10, 2006, G.S. Precision terminated Plaintiff, Helen Wilkinson from her employment with Defendant.

9. Defendant G.S.Precision did not give any warnings to Plaintiff, Helen Wilkinson prior to her termination.

McCARTY,
BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

10. Defendant, G.S. Precision has terminated the Plaintiff as a result of filing her workers' compensation claim in violation of the Vermont Workers' Compensation Act and U.S Constitutional Rights as set forth under **Title VII, Americans with Disabilities's Act,** and the **Civil Rights Act of 1991.**

11. As a result of Defendant, G.S. Precision's' bad faith and violations the Plaintiff, Helen Wilkinson brings this action.

12. Plaintiff, Helen Wilkinson hereby alleges that the Defendant, G.S. Precision has discriminated against her based upon her disability and in violation of her U.S. Constitutional Rights as protected under: **Title VII of the Civil Rights Act, American Disabilities Act,** and the **Civil Rights Act of 1991.**

13. Plaintiff is also claiming violations of those rights protected under the Vermont State Constitution and **Vermont Workers' Compensation Act.**

14. As a direct result of the Defendant, G.S. Precision's arbitrary and capricious conduct by f Plaintiff, Helen Wilkinson has sustained economic damages and emotional damages, as set forth more specifically below.

## COUNT I: WRONGFUL TERMINATION BY G.S. PRECISION

15. Plaintiff repeats and re-alleges each and every allegation as set forth in paragraphs 1 through 14, above, as if fully set forth herein.

16. Plaintiff states that on January 7, 2003, she suffered a Worker's Compensation claim.

17. Defendant, G.S. Precision, negligently and with wanton and wilful disregard of Plaintiff's rights, under the Worker's Compensation act, failed to accommodate Plaintiff and/or failed to adequately warn the Plaintiff.

18. Defendant's acts constitute a retaliation as a result of filing her Worker's Compensation claim.

19. As a result of the Defendant's failure to accommodate, and/or the failure to provide adequate warnings the Plaintiff has been wrongfully terminated from G.S. Precision in violation of the Vermont's Worker's Compensation Act.

20. As a direct and proximate result of Defendant, G.S. Precision's act, Plaintiff has suffered

McCARTY,
BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

- 2 -

damages   as set forth more fully below.

## COUNT II: BAD FAITH BY G.S. PRECISION

21. Plaintiff repeats and re-alleges each and every allegation as set forth in paragraphs 1 through 20, above, as if fully set forth herein.

22. As an employer providing workers compensation insurance, Defendant G.S. Precision owes a legal, contractual, statutory and fiduciary duties to Plaintiff, Helen Wilkinson.

23. Defendant, G.S. Precision, by and through its agents and employees owed a duty of good faith, fair dealing, and fiduciary duty to Plaintiff, Helen Wilkinson, in the handling and resolution of her claims for injuries resulting form her workers' compensation claim.

24. Defendant G.S. Precision, by and through its agents and employees, breached its duties and acted in bad faith in that Defendant, G.S. Precision failed to:

   a. failed to accommodate Plaintiff's workers' compensation injury; and

   b. failed to offer suitable employment opportunities to the Plaintiff, Helen Wilkinson; and

   c. failed to act in good faith in the handling of her workers' compensation claim; and

   d. negligently, recklessly, and/or intentionally failed to acknowledge the existence of Plaintiff, Helen Wilkinson's workers' compensation injury; and

   e. negligently, recklessly, and/or intentionally terminated Plaintiff; and

   f. negligently, recklessly, and/or intentionally failed to act in good faith towards the Plaintiff; and

   g. discriminated against the Plaintiff, for filing a workers' compensation claim by terminating her; and

   h. committed other acts against Plaintiff's interest

25. As a direct and proximate result of Defendant, G.S. Precision's breaches of duties, intentional bad faith and breaches of its fiduciary duties towards Plaintiff, Helen Wilkinson; Plaintiff, Helen Wilkinson has suffered economic and emotional damages as set forth more specifically below.

## COUNT III: BREACHES OF FIDUCIARY DUTIES BY G.S. PRECISION

McCARTY,
BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

26. Plaintiff repeats and re-alleges each and every allegation as set forth in paragraphs 1 through 25, above, as if fully set forth herein.

27. As a participant in the workers compensation process and as an employer, Defendant, G.S. Precision, was collectively and individually, obligated as fiduciaries to protect the Plaintiff's interests as they applied to Plaintiff's workers' compensation claim and her employment with the Defendant, G.S. Precision.

28. Pursuant to the terms and conditions of the workers compensation statute, Plaintiff, expected the Defendant, G.S. Precision to honor their statutory and fiduciary duties as to Defendant's handling of her workers' compensation claim and her employment with Defendant, G.S. Precision.

29. The Defendant, G.S. Precision's actions individually, and/or collectively brought about the direct economic harm and damages suffered by the Plaintiff.

30. As a direct and proximate result of the Defendant, G.S. Precision's individual and /or collective conduct the Plaintiff, Helen Wilkinson has suffered and will continue to suffer economic and emotional damages which are set forth more fully below.

## COUNT VI. VIOLATION OF VERMONT FAIR EMPLOYMENT PRACTICES ACT 21 V.S.A. §495

31. Plaintiff repeats and re-alleges each and every allegation as set forth in paragraphs 1 through 30, above, as if fully set forth herein.

32. Plaintiff's left shoulder injury and arm injury is a physical impairment within the meaning of the **Fair Employment Practices Act, 21 V.S.A. §495d(7)**.

33. Plaintiff's left shoulder and arm injury limits her in working and in performing manual tasks.

34. Plaintiff's left shoulder and arm injury affects her employability, such that Plaintiff has experienced and is likely to experience difficulty in securing, retaining, or advancing in employment.

35. Plaintiff either has, or is regarded as having, or has a history of having, or has been misclassified as having, a physical impairment which substantially limits one or more

McCARTY, BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO, VERMONT
05302-0735

major life activities within the meaning of the **Fair Employment Practices Act, 21 V.S.A. §495d**.

36. Plaintiff is a "qualified individual with a disability" within the meaning of the **Fair Employment Practices Act, 21 V.S.A. §495(a)(1) and §495d(6)**.

37. By refusing to reinstate Plaintiff, because of her work injury/disability and/or her perceived disability, Defendant G.S. Precision discriminated against Plaintiff in violation of the **Fair Employment Practices Act, 21 V.S.A. §495** *et seq.*

38. As a direct and proximate result of Defendant, G.S. Precision's discriminatory conduct, Plaintiff has suffered and will continue to suffer economic and emotional harm in the future as to the specificity of her damages these are set forth more fully below

## AD DAMNUM

As the further proximate result of Defendants, G.S. Precision's, bad faith and breaches of duties, **Plaintiff, Helen Wilkinson** has suffered economic losses and emotional damages past, present and future all to her further damage in an amount appropriate to compensate her for her damages. Plaintiff seeks **compensatory, consequential, incidental, equitable and punitive damages** in an amount appropriate to compensate her for her damages. Plaintiff also seeks restraint of prohibited acts, costs, interest, reasonable attorney fees and any and all other appropriate relief which Plaintiff is entitled.

WHEREFORE, Plaintiff prays for **compensatory, consequential, incidental, equitable, special and punitive damages** to adequately compensate her for her damages, with attorney's fees, costs of suit and any and all such other relief as this Honorable Court deems just and appropriate under the circumstances.

McCARTY,
BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Dated at Brattleboro, in the County of Windham and State of Vermont this 11th day of April, 2006.

_____
Helen Wilkinson

STATE OF VERMONT      )
WINDHAM COUNTY, SS.  )

2006 At Brattleboro, in the County of Windham and State of Vermont, this 11th day of April, 1999, personally appeared before me Helen Wilkinson and under oath swore to the truth of the facts set forth in the above instrument.

By: _____
Notary Public
Commission Expires: 02-10-07

Dated at Brattleboro, in the County of Windham and State of Vermont this 11 day of April, 2006.

By: _____
Thomas C. Bixby, Esq.
McCarty, Buehler & Bixby, P.C.
Attorneys for the Plaintiff

76 High Street, P.O. Box 735
Brattleboro, VT 05302-0735
(802) 257-7737 fax 257-1135
mcartypc@sover.net

F:\CLIENTS\Wilkinson, Helen\Complaint.wpd

McCARTY,
BUEHLER & BIXBY
P.O. Box 735
BRATTLEBORO,
VERMONT
05302-0735