```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

HELEN WILKINSON,                        :
                                        :
    Plaintiff,                          :
                                        :
        v.                              :   Case No. 2:06-cv-109
                                        :
G.S. PRECISION, INC.                    :
                                        :
    Defendant.                          :

**MEMORANDUM and ORDER**

Plaintiff Helen Wilkinson has moved for reconsideration of this Court's Memorandum and Order entered November 13, 2006 dismissing her federal claims of disability discrimination and retaliatory discharge for failure to satisfy the procedural prerequisites for filing a federal lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disability Act ("ADA"). On June 29, 2007 Wilkinson supplemented her motion to reconsider with the information that on June 18, 2007, the United States Equal Employment Opportunity Commission ("EEOC") had issued her a right to sue letter with respect to her claims. For the reasons that follow, Wilkinson's motions to reconsider (Docs. 11 & 13) are **granted in part and denied in part.** The motion to reconsider is denied; however, the case is dismissed without prejudice.[1]

Wilkinson has not cited any authority for her motion to

---

[1] In the exercise of its discretion, the Court declines Wilkinson's request for oral argument. See L.R. 7.1(a)(6).

reconsider.  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Nor should reconsideration be granted because the motion presents a new set of arguments purporting to show why a suit should not be dismissed.

   Wilkinson's supplemental motion, however, calls attention to the fact that following her belated filing with the EEOC and this Court's dismissal of her case, the EEOC assumed jurisdiction, made a determination and issued a notice of right to sue. Accordingly, the Court dismisses this suit without prejudice.


   Dated at Burlington, in the District of Vermont, this 31st day of July, 2007.


                              /s/ William K. Sessions III
                              William K. Sessions III
                              Chief Judge
                              U.S. District Court